Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jillian Pettit,** Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiffs,<br><br>v.<br><br>**Trummer's, Inc.**, an Arizona corporation; **Kimberly Troub,** an Arizona resident; and **Marty Troub,** an Arizona resident;<br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.*** <br><br>**(Jury Trial Requested)** |

Plaintiff Jillian Pettit, individually, and on behalf of all other persons similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members[1] are current and former restaurant workers employed by Defendants. Plaintiff brings this action on behalf of herself and all similarly-situated current and former hostesses, bussers, and or servers who were not fully compensated their minimum wages.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2. Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**").

3. This action is also brought to recover minimum wage compensation, liquidated or double damages, statutory penalties, interest, attorneys' fees, and costs resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Plaintiff and the Collective Members' state law claim is sufficiently related to their federal claim that they form the same case or controversy. This Court therefore has supplemental jurisdiction over their claims under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the State of Arizona.

9. At all relevant times, Plaintiff was an employee of Defendants from on or around June 15, 2017 until January 25, 2019.

10. At all relevant times, Plaintiff was a non-exempt employee.

11. At all relevant times, Plaintiff was employed as a hostess, busser, and / or server.

12. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

13. Defendant Trummer's, Inc., is an Arizona company, authorized to do business in the State of Arizona, and was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-362.

14. Defendant Kimberly Troub is an Arizona resident.

15. Defendant Kimberly Troub has directly caused events to take place giving rise to this action.

16. Defendant Kimberly Troub was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-362.

17. Defendant Kimberly Troub is an owner of Trummer's, Inc..

18. Defendant Kimberly Troub had the authority to hire and fire employees.

19. Defendant Kimberly Troub supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

20. Defendant Kimberly Troub determined the rate and method of Plaintiff's payment of wages.

21. Defendant Kimberly Troub maintained employment records in connection with Plaintiff's employment.

22. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Kimberly Troub is subject to individual and personal liability under the FLSA.

23. Defendant Marty Troub is an Arizona resident.

24. Defendant Marty Troub has directly caused events to take place giving rise to this action.

25. Defendant Marty Troub was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-362.

26. Defendant Marty Troub is an owner of Trummer's, Inc..

27. Defendant Marty Troub had the authority to hire and fire employees.

28. Defendant Marty Troub supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

29. Defendant Marty Troub determined the rate and method of Plaintiff's payment of wages.

30. Defendant Marty Troub maintained employment records in connection with Plaintiff's employment.

31. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Marty Troub is subject to individual and personal liability under the FLSA.

32. Kimberly Troub and Marty Troub are believed to be husband and wife and therefore both are subject to the conduct of each other through the laws of community property.

33. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

34. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35. Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

36. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

37. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

38. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF PETTIT**

39. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

40. On or around June 15, 2017, Plaintiff began employment with Defendants as a hostess, busser, and/or server.

41. Plaintiff's primary job duties included seating customers, waiting tables, and clearing dishes from tables.

42. Defendants deducted a meal deduction from Plaintiff's pay check.

43. Normally, Plaintiff would not eat at Defendants' restaurant.

44. Even if Plaintiff did not eat at Defendants' restaurant, they would still deduct a meal deduction from Plaintiff's pay check.

45. The meal deduction would result in Plaintiff's wages to fall below minimum wage.

46. For example, the pay period of January 1, 2019 through January 15, 2019, Plaintiff's paystub stated: hourly hours were 23 at a rate of $11.00 per hour, server hours were 20 hours at a rate of $8.00 per hour and then a deduction of $45.00 for meals.

47. The meal deduction would create a minimum wage violation for that pay period because Plaintiff would receive below minimum wage.

48. Plaintiff also has possession of a fellow co-worker's, Lisbeth Rodarte's, paycheck from the pay period of September 1, 2018 through September 15, 2018.

49. In Lisbeth Rodarte's paycheck from the pay period of September 1, 2018 through September 15, 2018, it states: server hours were 63.50 hours at a rate of $7.50 per hour and then a deduction of $95.25 for meals.

50. Therefore, because Defendants' meal deduction would create a minimum wage violation, they have lost the ability to receive a tip credit.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

52. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as a hostess, busser, and/or server (or in a position with similar job titles or job duties) for Defendants. The proposed collective class for the FLSA claim is defined as follows:

> **All persons who worked as hostesses, bussers, and / or servers (or in other positions with similar job titles or job duties) for Defendants that received a meal deduction or other deduction from their pay checks are known as (the "Collective Members").**

53. Plaintiff has given her written consent to be a Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

54. The Collective Members perform or have performed the same or similar work as Plaintiff.

55. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or receiving below minimum wage.

56. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

57. The experiences of Plaintiff, with respect to the meal deductions, are typical of the experiences of the Collective Members.

58. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts.

Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

59. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Members.

60. Defendants are liable under the Arizona Minimum Wage Statute for failing to properly compensate Plaintiff and the Collective Members.

61. Notice of this action should be sent to all similarly situated Collective Members.

62. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA and Arizona Minimum Wage Statute, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

63. Those similarly stated employees are known to Defendants and are readily identifiable through Defendant's records.

**COUNT ONE: (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

64. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

65. At all relevant times, Plaintiff and the Collective Members were employed by Defendants within the meaning of the FLSA.

66. Plaintiff and the Collective Members were employees entitled to the statutorily mandated minimum wage.

67. Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members minimum wage according to the provisions of the FLSA.

68. As a direct result of Defendants' violations of the FLSA, Plaintiff and the Collective Members have suffered damages by not receiving full compensation in accordance with 29 U.S.C.§ 206.

69. In addition to the amount of unpaid minimum wages owed to Plaintiff and the Collective Members, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

70. Defendants' actions in failing to compensate Plaintiff and the Collective Members, in violation of the FLSA, were willful.

71. Defendants knew Plaintiff and the Collective Members were not being compensated proper minimum wages pursuant to their deductions.

72. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

73. Defendants have not made a good faith effort to comply with the FLSA.

74. Plaintiff and the Collective Members are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT TWO: (FAILURE TO PAY MINIUM WAGE – ARIZONA MINIMUM WAGE STATUTE**

75. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

76. At all relevant times, Plaintiff and the Collective Members were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

77. Defendants intentionally failed and/or refused to pay Plaintiff and the Collective Members minimum wage according to the provisions of the Arizona Minimum Wage Statute.

78. A.R.S. § 23-363(c) states, "For any employee who customarily and regularly receives tips or gratuities from patrons or others, the employer may pay a wage up to $3.00 per hour less than the minimum wage if the employer can establish by its records of charged tips or by the employee's declaration for federal insurance contributions act (FICA) purposes that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all hours worked."

79. In addition to the amount of unpaid minimum wage owed to Plaintiff and the Collective Members, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

80. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action, and permitting them to timely assert claims in this action by filing individual Consent forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

D. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

E. Violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

F. Willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

G. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in an amount to be determined at trial;

H. For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial;

I. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

J. For the Court to award prejudgment and post-judgment interest;

K. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

L. For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

M. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED February 22, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs